808

25 C.C.P.A. (Patents)

## In re ADRIAN.
### Patent Appeal No. 3911.

Court of Customs and Patent Appeals.

Feb. 28, 1938.

Wheeler, Wheeler & Wheeler, of Milwaukee, Wis. (S. L. Wheeler, of Milwaukee, Wis., and John J. Darby, of Washington, D. C., of counsel), for appellant.

R. F. Whitehead, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

BLAND, Associate Judge.

The Primary Examiner of the United States Patent Office, after having allowed certain claims, refused to allow, for want of invention in view of the prior art, the claims involved in this appeal, together with other claims which, upon appeal to the board, were allowed. From the decision of the board affirming the rejection by the examiner of the claims at bar, 2, 5, 6, 9, 14, 26, 27, 31, 32, and 33, the applicant has appealed here.

Claims 2, 9, and 33 are illustrative of all the claims involved in the appeal and read as follows:

"2. In a reproducing system, the combination with a reproducer, of a coin sorting device having channels to receive the sorted coins, and means in the path of a coin traversing each such channel for energizing the reproducer for varying periods corresponding to the relative value of the coin.".

"9. In a reproducer system, the combination with a reproducer, of impulse operated means for controlling the reproducer, a series of impulse producing switches, and coin receiving means including a sorting means and conduits leading from said sorting means for guiding coins of different denominations past predetermined switches in accordance with their respective denominations."

"33. A coin operated mechanism comprising the combination with a control device, of coin operated means for determining the response of said device and including a plurality of control members each operatively connected with said device to produce a particular response thereof, a coin sorter, means cooperating with said members for the coin controlled actuation thereof, and conduits each adapted to receive a coin of a particular denomination from said sorter and leading from said sorter to said members and co-operating means, whereby the coin deposited in said sorter will automatically predetermine the response of said device."

The references relied upon are:

Weser, 884,441, April 14, 1908.

Burian, 1,575,537, March 2, 1926.

McClatchie, 1,046,096, December 3, 1912.

Goodrum, 1,137,399, April 27, 1915.

The application relates to a coin-controlled sound reproducing system which is somewhat complicated in nature, but a full understanding of the details of the device is not necessary in considering the issue here presented. The claims all relate to a combination involving three elements, namely, a reproducer, a coin-sorting device, and a mechanism whereby a coin passing through each channel of the coin-sorting device will energize the reproducer for a period of time corresponding to the value of the coin.

The patent to Weser is concerned with a coin-controlled apparatus in which a sound reproducer is actuated by coins placed in slots, two of which are shown in the drawing. The specification provides in substance that other slots may be provided for other coins as may be desired.

The patent to Burian relates to a change making and fare registering machine. It has a single coin-receiving slot and a mechanism for sorting different coins in the different chutes. In passing through the chutes the coins actuate mechanism in accordance with the value of the coins so as to dispense change in the right amount after deducting and registering the fare.

The McClatchie patent discloses a coin slot machine in which coins of different denominations form the electrical connecting means, and their values are said to be "faithfully recorded at a distance." The device is suitable for use by telephone companies and the like. McClatchie discloses a series of contact members co-operating with a part of the chute (three chutes for three different sized coins are shown) when connected with the coin to cause a circuit to operate this mechanism to bring about the desired service. The number of times the circuit is energized depends upon the value of the coin.

The patent to Goodrum relates to a multi-coin collector and rate indicator for automatic telephone systems. It also shows a series of switches and a series of coin chutes. A coin of a certain value deposited in one of the chutes closes one switch which sends a single impulse. Coins of greater value close two or more switches depending on the value of the coin, which in turn operate the circuit.

All the claims on appeal were rejected by the examiner as being unpatentable over Weser in view of either Goodrum or Mc-Clatchie and Burian. The examiner stated that it was held not to involve invention to substitute the coin chutes and coin-controlled circuit closing means of either Goodrum or McClatchie for the contacts of Weser, nor would it involve invention to feed coins to such combined structures through Burian's coin assorter. He also rejected claims 2, 9, 26, 27, 31, and 33 as being unpatentable over Weser in view of Burian, and held that it would not involve invention to feed coins to Weser's structure through an assorter such as shown by Burian. The above rejection, which is based upon a combination of references, will be hereinafter referred to as the first rejection.

Claims 2, 6, 27, and 31 to 33 were also rejected as being drawn to an old combination. This ground of rejection of the examiner as to these claims was in the following language: " * * * [These claims] were rejected as being drawn to the old combination of coin assorting means and coin controlled mechanism as shown by Burian. In argument against this rejection, and in argument against combining the references as set forth above applicant has contended that because certain units or elements of his device were different from corresponding units of the references, the rejections should be withdrawn. However, applicant's attention was directed to In re Vawter, 421 O.G. 857 (paper No. 5), and it was pointed out that the presence of novelty in the separate elements and the patentability of these are immaterial when it is not their patentability but that of their alleged combination which is in question, that in short, the fact that the elements are separately new and separately involve invention is no reason why they should be patented together in one claim as a single invention."

The Board of Appeals affirmed the decision of the examiner, specifically discussed the application of the combined references to meet the claims, and held that the combination of references met all the claims rejected by the examiner except four claims not involved here, which the board allowed. The board did not discuss the second ground of rejection.

In this case, there is no dispute about the facts. Appellant's alleged invention has been thoroughly described by the tribunals below, and it is not contended that there is any misstatement by them concerning appellant's structure or as to what the references show. The board held, in substance, that there would be no invention in providing coin-sorting mechanism in appellant's device in addition to the mechanism disclosed by Weser, in view of the disclosure in the patent to Burian. The appellant complains of the action of the Patent Office tribunals on the ground that they are in error in holding that no invention resulted from what the applicant has done in view of the Weser and Burian patents. He argues at great length that Weser's is the only patent in the direct art which is cited and that it has two coin chutes, one of which must be selected by the operator; and that the other patents are in nonanalogous art and do not show the combination of a coin sorter with means for determining (in accordance with the value of the coin) the period of operation of the mechanical reproducer which will automatically determine the period during which the reproducer will operate.

In order to understand the exact position of the board, it should be pointed out that the Burian patent includes a coin sorter which pertains to a change-making mechanism and a fare register, and that the machine does not perform any service for the full value of the coin deposited (unless it be the exact amount of the fare), but returns sorted coins in the way of change and takes out a single fare. It is pointed out by appellant that if more fares are to be paid, additional coins must be dropped into the single chute. It is not disputed but that it was old in the art to energize mechanism (as appellant has done) which would perform a service in accordance with the value of a coin.

■ It seems to us that the only question on this ground of rejection is whether or not in view of Burian, which shows a single chute in which mechanism is actuated in accordance with the value of the coin, it would require invention to apply this idea to the Weser device or to other reference devices. We are constrained to disagree with the Patent Office tribunals on this ground of rejection and to hold that it did involve invention, and all of the appealed claims except one (No. 33), which will be referred to and more fully discussed later herein, should have been allowed.

■ As before stated, the board contented itself with a discussion of the rejection of the examiner based upon a combination of references, and it did not discuss the second ground of rejection of the examiner applying to claims 2, 6, 26, 27, and 31 to 33, here involved. Being in disagreement with the board as to the first ground of rejection, we think, under the circumstances above recited, that we are required to consider the second ground of rejection of the examiner. In re Wagenhorst, 64 F.2d 780, 20 C.C.P.A., Patents, 991.

As we interpret the second ground of rejection, it is a holding that Burian shows the particular combination called for by the claims.

We are of the opinion that claims 2, 6, 26, 27, 31, and 32 do not read on Burian, that the elements of the combination therein claimed are not disclosed in Burian, and that the rejection of these claims upon the Burian disclosure was erroneous.

■ We think claim 33 reads directly upon Burian and was properly rejected by the examiner. The elements constituting the combination are described in such broad language as to cover the device disclosed by Burian. This claim does not include a reproducer as an element of the combination.

It will be noticed that in claim 2, above quoted, the combination involves a reproducer. The same is true as to claims 6 and 31. No reproducer is shown in Burian.

Claim 32 calls for a "common measuring device" as a part of the combination. While, in one sense, it might be said that Burian measures the amount of change which it delivers to the patron, we think the term "common measuring device," to say the least, inaptly applies to the Burian structure, and therefore hold that the ground of rejection was insufficient.

Claim 26 has as an element of the combination a "measuring mechanism," and we believe, for the reasons last before assigned, that the claim does not read on Burian.

Claim 27 calls for a "measuring service device." We are of the opinion that Burian does not show a *measuring* service device. It is true he shows a service device which gives change, but it is a misapplication of terms to say that the service is measured.

It is clear that appellant's use of the term "measuring," in defining his structure,

is not in the sense that would fitly describe the Burian structure. We think that the appellant, under the circumstances at bar, is entitled to the application of the rule of doubt which is so well understood as to require no discussion or citation of authority.

For the reasons stated, the decision of the Board of Appeals is reversed as to all the claims except claim 33, and as to that claim it is affirmed.·